\* E-filed 07/15/08\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEW AMSTERDAM PROJECT MANAGEMENT HUMANITARIAN FOUNDATION, a Dutch non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>KELLY M. LAUGHRIN, et al.<br><br>Defendants.<br>_____/ | No.07-00935-JF (HRL)<br><br>INTERIM ORDER ON PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY<br><br>**[Re Docket Nos. 29, 30, 31, 32, 33.]** |

Plaintiff New Amsterdam Project Management Humanitarian Foundation ("NAF") obtained a default judgment against Margaret Laughrin after she stole ten million dollars from NAF's investment account in July 2001. In August 2001, defendant Kelly Laughrin received a wire transfer of $200,000 from her mother, Margaret, apparently as a gift. Also in August, Margaret retained defendant law firm Campbell Warburton ("Campbell"), where Kelly is an attorney, to provide legal services to herself, her business partner, Clinton Holland, and their two companies: Hartford Holding Company, and C.T. Ventures, Inc. Campbell received $67,000 from Margaret around the same time, apparently as a retainer for the estate planning and business consulting services Campbell would provide (although the defendants acknowledge that no retainer agreement or document confirming their retention, describing the services they would provide, or detailing the billing arrangement was prepared).

In the case at hand, NAF attempts to recover the approximately $267,000 the defendants collectively received from Margaret on the theory that this was NAF's stolen money. The parties were referred by the trial judge for an early settlement conference, but NAF claimed that settlement discussions would be fruitless until discovery was obtained from defendants. NAF requested the discovery it deemed necessary, and defendants responded overwhelmingly with objections based on various privileges. NAF now seeks to compel: additional document production from Kelly Laughrin (motion 1); additional responses to requests for admission from Kelly Laughrin (motion 2); additional responses to special interrogatories from Kelly Laughrin (motion 3); additional responses to special interrogatories from CW (motion 4); and additional document production from CW (motion 5).

As mentioned, nearly every single request NAF propounded to defendants was met with this same objection: responding party objects "on the grounds that it seeks information in violation of the attorney client privilege and attorney work-product doctrine" However, in NAF's action against Margaret, the court had ruled that her communications with another lawyer, John Mulvana, were not protected by the attorney-client privilege because the crime-fraud exception applied. (There was evidence that Mulvana assisted Margaret in hiding NAF's money.) NAF vigorously argued, both in its papers and at the July 1, 2001 hearing, that this ruling collaterally estopped the defendants here from asserting any attorney-client privilege on Margaret's behalf. While the court rejects NAF's collateral estoppel argument, it notes that defendants' privilege objections at the moment appear suspiciously broad and unsubstantiated.

Rule 26(b)(5) requires that a proper assertion of privilege be more specific than a generalized, boilerplate objection. "The advisory committee notes accompanying the addition of the relevant paragraph to Rule 26(b)(5) suggest waiver as a possible result of failure to properly provide 26(b)(5) notice." *Burlington*, 408 F.3d at 1147. The primary method by which parties satisfy F.R.C.P. 26(b)(5)'s "specific objection" requirement is by preparing a privilege log. Defendants produced three privilege logs. Yet, all of them are insufficient because they fail to adequately describe the nature of the withheld documents. "When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection

2

as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." F.R.C.P. 26(b)(5). The "party must ... provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection." *Burlington N . Santa Fe Railroad v. United States District Court,* 408 F.3d 1142, 1147 (9th Cir. 2005).

Here, the privilege logs do not describe the nature of the documents at all, except to note what kind of documents they are (i.e., "memo" or "email"). There is no way to evaluate whether these documents are actually privileged, and there is strong suggestion that at least some of them are not. For example, some listings show copies sent to third persons whose receipt seemingly would waive whatever privilege there might have been. Although a privilege log may satisfy the requirements of Rule 26(b)(5), these privilege logs do not.

Therefore, not later than July 23, 2008, defendants shall produce a complete, revised privilege log that sufficiently describes the nature of the privileged documents in accordance with the standards of Rule 26(b)(5). Lead counsel for defendants shall review the determinations and sign the new log. The log shall be accompanied by a declaration from the defendants that identifies all persons and entities named in it, and describes their relationship to defendants and their clients.

At the hearing, there was some dispute about whether "business advice" given by attorneys to their clients was protected by the attorney-client privilege. Counsel for NAF claimed that it could not be protected, while counsel for defendants argued that it could be protected. There was a similar dispute about whether the crime-fraud exception to the attorney-client privilege can apply, absent a showing that the attorney knew the client was using his services to commit a crime or fraud. Accordingly, NAF shall file a supplemental brief on these points by July 23, 2008. Counsel for defendants may submit a reply by July 30, 2008.

Both at the hearing and in her papers, counsel for NAF argued that the evidence before the court showed that Margaret retained the defendants to aid her in committing crime and

fraud. This, according to counsel, is why the court should apply the crime-fraud exception. When pressed to point to that evidence, counsel for NAF identified a handwritten page of notes in NAF's Exhibit 47 (Bates number CAM00056). Unfortunately, the court could not read the handwriting (which counsel claimed was Kelly's). Accordingly, not later than July 23, 2008, defendants are ordered to submit a declaration by the author of the notes to the court. The declaration must translate the document and explain its context. On a related note, if NAF's counsel can point to additional exhibits that support her assertion that the defendants were retained to aid Margaret's fraudulent activities, she is invited to do so (<u>without argument</u>) not later than July 23, 2008.

Defendants also asserted numerous objections to NAF's discovery requests on the ground that the request violated "third party privacy rights." Defendants mentioned multiple times that they would produce this information subject to a mutually-agreeable protective order, which NAF refused to enter. However, at the hearing, NAF's counsel agreed to only use any documents obtained from defendants to pursue Margaret Laughrin or others that obtained NAF's money. Therefore, defendants "privacy" objections are overruled. Defendants are ordered to produce all documents they are withholding on the basis of third party privacy rights not later than July 23, 2008, and NAF is ordered only to use this information to pursue its money.

**IT IS SO ORDERED.**

Dated: 07/15/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1  THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

2  Heather Noelte   hnoelte@dempseyjohnson.com

3  John Mark Thacker  jthacker@ropers.com

5  * Counsel are responsible for providing copies of this order to co-counsel.

Dated:   07/15/08

                                  /s/ MPK
                       Chambers of Magistrate Judge Lloyd

**United States District Court**
For the Northern District of California