*E-filed 10/15/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEW AMSTERDAM PROJECT MANAGEMENT HUMANITARIAN FOUNDATION, a Dutch non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>KELLY M. LAUGHRIN, et al.<br><br>Defendants.<br>_____/ | No.07-00935-JF (HRL)<br><br>**THIRD INTERIM ORDER ON PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY** |

    Plaintiff New Amsterdam Project Management Humanitarian Foundation ("NAF") sued Margaret Laughrin for stealing $10 million dollars. In 2006, NAF received a default judgment against her. The money (which NAF wired to Margaret to invest in U.S. Treasury Bills) appears to have been transferred from the account NAF wired it into to a number of entities and people in July-August of 2001. Defendant Kelly Laughrin received $200,000 from that account during that time period. NAF also found out that Margaret gave money to Campbell Warburton, the law firm Kelly works at, allegedly for legal services. In this case, NAF sues Kelly and Campbell Warburton for the money they received.

    After propounding discovery and receiving an overwhelming number of objections based on privilege, NAF sought to compel additional discovery in five motions. Counsel for plaintiff NAF has forcefully argued that the evidence before the court shows that Margaret

1 Laughrin retained the defendants to aid her in committing crime and fraud, and that the court
2 should apply the crime-fraud exception.

3 The party seeking discovery must establish the crime-fraud exception by a
4 preponderance of the evidence. *In re Napster, Inc. Copyright Litigation*, 479 F.3d 1078, 1094-
5 95 (9th Cir. 2007)). As the *Napster* court stated, "[the attorney-client] privilege is central to the
6 legal system and the adversary process and thus deserving of unique protection in the courts. It
7 would be very odd if in an ordinary civil case a court could find such an important privilege
8 vitiated where an exception to the privilege has not been established by a preponderance of the
9 evidence." *Napster,* 479 F.3d at 1096 (internal citations and quotations omitted). Here, NAF has
10 presented some evidence, but has not met the burden required for the court to vitiate the
11 privilege.

12 The court realizes that two factors make the crime-fraud exception difficult to prove:
13 first, the analysis turns on the client's state of mind at the time of retention, and second, as the
14 *Napster* court recognized, "the best evidence is likely to be in the hands of the party invoking
15 the privilege." *Id.* at 1091 (citing *United States v. Zolin*, 491 U.S. 554, 569 (1989). Therefore,
16 the court will conduct an *in camera* review of all documents defendants have withheld on the
17 basis of privilege created between July and August of 2001, and documents from any other time
18 period that either (1) explain or reference the purpose of Campbell Warburton's representation
19 of Margaret Laughrin, Clinton Holland, Hartford Holding Company or C.T. Ventures; or (2)
20 indicate that Margaret Laughrin acquired money through either theft or fraud.

21 The defendants shall submit these documents to the court not later then October 21,
22 2008.

24 **IT IS SO ORDERED.**

25
26 Dated: 10/14/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

1  THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

2  Heather Noelte   hnoelte@dempseyjohnson.com

3  John Mark Thacker  jthacker@ropers.com

4

5  * Counsel are responsible for providing copies of this order to co-counsel.